Citation Nr: 1406908 
Decision Date: 02/19/14 Archive Date: 03/04/14

DOCKET NO. 07-06 431 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for exposure to chemicals.

2. Entitlement to service connection for a respiratory disorder, claimed as asthma, sinus, shortness of breath, cough, including as due to herbicide and asbestos exposure.

3. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depression with anxiety attacks.

4. Entitlement to service connection for bilateral knee disability.

5. Entitlement to service connection for bilateral hip disability.

6. Entitlement to service connection for bilateral ankle disability. 

7. Entitlement to service connection for psoriasis, claimed as a rash, including as due to exposure to herbicides.

8. Entitlement to service connection for jungle rot, fungal infection of the toes.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Shana Z. Siesser, Counsel


INTRODUCTION

The Veteran had active service from May 1973 to April 1986.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a February 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The Veteran testified before the undersigned during a videoconference hearing in July 2013. A transcript is of record in the Veteran's Virtual VA electronic file.

In addition to the paper claims file, there are Virtual VA and Veterans Benefits Management System (VBMS) paperless files associated with the Veteran's case. A review of the documents in the Virtual VA paperless and VBMS claims files does not reveal any additional documents pertinent to the present appeal. 

Pursuant to the Court's holding in Clemons v. Shinseki, 23 Vet. App. 1 (2009), the Board has recharacterized the Veteran's claims of service connection for PTSD and depression into a single claim of service connection for an acquired psychiatric disorder. 

The issues of entitlement to service connection for an acquired psychiatric disorder, bilateral knee disability, bilateral hip disability, bilateral ankle disability, psoriasis, and jungle rot/fungal infection of the toes, are addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDINGS OF FACT

1. At a July 2013 Board hearing, prior to the promulgation of a decision in the appeal, the Veteran withdrew his appeal on the issue of entitlement to service connection for exposure to chemicals; there are no questions of fact or law remaining before the Board in this matter.

2. At a July 2013 Board hearing, prior to the promulgation of a decision in the appeal, the Veteran withdrew his appeals on the issue of entitlement to service connection for a respiratory disorder, claimed as asthma, sinus, shortness of breath, cough, including as due to asbestos and herbicide exposure; there are no questions of fact or law remaining before the Board in this matter.


CONCLUSIONS OF LAW

1. The criteria for the withdrawal of a substantive appeal have been met regarding the appeal of the denial of the claim for entitlement to service connection for exposure to chemicals. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2013). 

2. The criteria for the withdrawal of a substantive appeal have been met regarding the appeal of the denial of the claim for entitlement to service connection for a respiratory disorder, claimed as asthma, sinus, shortness of breath, cough, including as due to herbicide and asbestos exposure. 38 U.S.C.A. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Withdrawal of Issues

Under 38 U.S.C.A. § 7105, the Board may dismiss any appeal that fails to allege a specific error of fact or law in the determination being appealed. A Substantive Appeal may be withdrawn at any time before the Board promulgates a decision, and may be withdrawn on the records at a hearing. 38 C.F.R. § 20.204. At the July 2013 Board hearing before the undersigned, the Veteran indicated that he was withdrawing his appeals as to the denial of his claims for entitlement to service connection for exposure to chemicals and a respiratory disorder, claimed as asthma, sinus, shortness of breath, cough, including as due to herbicide and asbestos exposure.

As the Veteran has withdrawn these appeals, there remain no allegations of errors of fact or law for appellate consideration on these particular matters. Accordingly, the Board does not have jurisdiction to review these issues, and the identified appeals are dismissed.


ORDER

The appeal of the denial of the claim for entitlement to service connection for exposure to chemicals is dismissed.

The appeal of the denial of the claim for entitlement to service connection for a respiratory disorder, claimed as asthma, sinus, shortness of breath, cough, including as due to asbestos and herbicide exposure is dismissed.


REMAND

There are some minimal service treatment records included in the Veteran's claims file, however in January 2006, the RO filed a formal finding of unavailability for the Veteran's service treatment records indicating that all efforts to find the records had been made, but to no avail. The Board acknowledges its heightened duty to assist in cases where the Veteran's service treatment records are unavailable through no fault of the Veteran. O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991).

VA will provide a medical examination or obtain a medical opinion if the record, including lay or medical evidence, contains competent evidence of a disability that may be associated with an event, injury, or disease that occurred in service, but the record does not contain sufficient medical evidence to decide the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006). The threshold for determining whether the evidence "indicates" that there "may" be a nexus between a current disability and an in-service event, injury, or disease is a low one. Id. at 83.

At the July 2013 Board hearing, the Veteran testified that he was deployed to combat zones and developed the disorders claimed above during those deployments. Specifically, he stated that his PTSD and depression are related to his combat experiences, his orthopedic disorders are due to carrying a heavy pack weighing 35 to 150 pounds, and his skin disorders are due to contacts in service and exacerbated by anti-malaria medications. The Board makes no determination at this time as to whether the Veteran engaged in combat with the enemy or as to the credibility of the above testimony. The Board recognizes that the Veteran, as a layperson, is competent to report on matters observed or within his personal knowledge. Layno v. Brown, 6 Vet. App. 465, 469 (1994). Furthermore, the Veteran has alleged a continuity of symptomatology since the time of his service and various in-service events that he alleges caused his disorders.

Given its heightened duty to assist and the low threshold for affording a VA examination, the Board finds that VA examinations are warranted.
 
In addition, the record currently contains the Veteran's VA treatment records from 1999 to 2012. As the Veteran alleges that he sought treatment through the VA upon discharge from service, any outstanding, pertinent VA treatment records dated prior to 1999 and since 2012 should be obtained and associated with the claims file. See Bell v. Derwinski, 2 Vet. App. 611, 613 (1992) (VA records are considered to be in the constructive possession of VA adjudicators during the consideration of a claim). The RO/AMC must follow the procedures set forth in 38 C.F.R. § 3.159(c) and (e) as regards requesting records from Federal facilities and the actions to be taken if such records cannot be obtained.

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should obtain from the VA all outstanding, pertinent records of medical treatment of the Veteran. The RO/AMC must follow the procedures set forth in 38 C.F.R. § 3.159(c) and (e) regarding the requesting records from Federal facilities and actions to be taken if such records cannot be obtained.

2. Schedule the Veteran for a VA examination as to the nature and etiology of his current psychiatric disorders. All necessary tests should be conducted.

The claims file must be sent to the examiner for review.

The examiner should first indicate all psychiatric diagnoses. Then, as to any diagnosed psychiatric disorder, the examiner should indicate whether it is as least as likely as not (50 percent probability or more) that such disorder is related to service.

A complete rationale should accompany any opinion provided.

The examiner is advised that the Veteran is competent to report symptoms and treatment, and that his reports must be taken into account, along with the other evidence of record, in formulating the requested opinions. 

3. Schedule the Veteran for a VA orthopedic examination as to the etiology of his bilateral knee, hip, and ankle disorders. All necessary tests should be conducted.

The claims file must be sent to the examiner for review.

The examiner should first indicate all current disabilities of the knees, ankles, and hips. Then, as to each disability, the examiner should indicate: (1) whether it is as least as likely as not (50 percent probability or more) that such disability is related to service and (2) whether it is at least as likely as not that such disability is either (a) caused by or (b) aggravated by, the Veteran's service connected low back strain with myofascial pain.

A complete rationale should accompany any opinion provided.

The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account, along with the other evidence of record, in formulating the requested opinions.

4. Schedule the Veteran for a VA examination as to the etiology of any current skin disorder, to include psoriasis and jungle rot. All necessary tests should be conducted.

The claims file must be sent to the examiner for review.

The examiner should first indicate all current skin disabilities. Then, the examiner should indicate whether it is as least as likely as not (50 percent probability or more) that any such disability is related to service or to anti-malarial medication administered during service.

A complete rationale should accompany any opinion provided.

The examiner is advised that the Veteran is competent to report symptoms and treatment, and that his reports must be taken into account, along with the other evidence of record, in formulating the requested opinions.

5. After undertaking any other development deemed appropriate, the RO/AMC should readjudicate the claims remaining on appeal. If any benefit sought is not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




______________________________________________
J. HAGER
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs