Citation Nr: 1443649 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 06-28 017A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for a right shoulder injury.

2. Entitlement to service connection for a neck injury.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

N. Holtz, Associate Counsel
INTRODUCTION

The Veteran served on active duty from August 1953 to March 1959. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2005 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. The Veteran testified before the undersigned at a Travel Board hearing in March 2008. A transcript of this hearing is associated with the claims folder. 

In a March 2009 decision, the Board denied the Veteran's claims. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In an October 2009 Order, the Court vacated and remanded the Board's March 2009 decision and implemented the provisions of an October 2009 Joint Motion for Partial Vacatur and Remand (Joint Motion). In March 2010, August 2011, and May 2013, the Board remanded the claims for additional development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board sincerely regrets the additional delay, but the appeal must again be remanded, as development previously ordered by the Board has not yet been accomplished. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance). 

In the prior remand, the Board ordered that the AOJ obtain sick or morning reports from the Veteran's various service units, covering a multiple-year period. While this request was significant, the Board observes that the Veteran's service treatment records have been identified as being damaged in the 1973 fire at the National Personnel Records Center in St. Louis, Missouri. When service records are unavailable VA has a heightened obligation to assist the Veteran in the development of his claims. O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). 

Although the AOJ submitted a request to the National Archives in College Park, Maryland, it subsequently failed to follow the instructions provided by the National Archives' reply, which indicated that the AOJ should contact the National Personnel Records Center in St. Louis, Missouri, to obtain the relevant records. Rather, the AOJ created a Memorandum of Misdirected Development in May 2014, and then sent a letter to the Veteran improperly informing him that it was unable to request the records identified by the Board's May 2013 remand. The AOJ requested that he identify a specific three-month window during which his in-service injuries occurred, which he was unable to do. Thus, it is evident that the AOJ failed to comply with the Board's May 2013 remand, and further development is necessary.

The Board observes that the Veteran failed to report for an April 2014 examination to determine the etiology of his neck and shoulder disabilities. While that failure could permit adjudication based on the current record, 38 C.F.R. § 3.655(b) (2013), the Board determines that, considering the fact that additional records are being obtained on remand that would be relevant to such an examination, the Veteran should be provided a second examination opportunity. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Request from the appropriate source any sick or morning reports for the following time periods, using the identified units. 




(a) Battery B, 36th Field Artillery - August 26, 1953 through December 31, 1955
(b) Battery B, 6th Armored Field Artillery - August 26, 1953 through December 31, 1955
(c) Headquarters Battery, 52nd Field Artillery - January 1, 1955 through December 31, 1956
(d) Battery B, 37th Anti-Aircraft Battalion - January 1, 1956 through December 31, 1958
(e) Headquarters Battery, 65th Anti-Aircraft Battalion - January 1, 1956 through December 31, 1958
(f) Battery B, 13th Field Artillery - January 1, 1958 through March 20, 1959

All requests and responses should be associated with the Veteran's claims file. To the extent that these requests must be incrementally separated to comply with the procedures mandated by the National Personnel Records Center, or any other records repository, such efforts should be undertaken.

After the above has been accomplished to the extent possible, schedule the Veteran for a VA orthopedic examination to determine the nature of any right shoulder or neck disability, and to obtain an opinion as to whether such is possibly related to service. The entire VBMS eFolder must be made available to and be reviewed by the examiner in conjunction with the examination. All necessary tests should be conducted and the results reported. 

Following review of the claims file and examination of the Veteran, the examiner is asked to address the following. 

(a) Is it as least as likely as not (50 percent or greater probability) that the Veteran has a current right shoulder disability or a neck disability as a result of his military service? 
(b) For each current right shoulder or neck disability related to military service, please address if it is at least as likely as not a result of: 
(1) An automobile accident during service;
(2) "Cellulitis, oral strictures" and "Other disorders of occlusion, eruption and tooth development" diagnosed during hospitalization in September 1958;
(3) Repetitive movement of his right shoulder and neck while performing duties as an artilleryman; or
(4) Hitting his shoulder and neck on a wall after tripping.

For purposes of the opinion, the examiner should accept as fact that during service the Veteran was in an automobile accident, did repetitive movements with his right shoulder and neck, and hit his right shoulder and neck on a wall after tripping, as well as the lay reports that he has had at least intermittent right shoulder and neck pain since service. A rationale for all opinions expressed should be provided.

3. Then, the record should again be reviewed. If any benefit sought on appeal remains denied, then the Veteran and his representative should be furnished with a supplemental statement of the case and be given the opportunity to respond thereto.

The Veteran is hereby notified that it is his responsibility to report for the examinations and to cooperate in the development of the claims. The consequences for failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2013). In the event that the Veteran does not report for the aforementioned examinations, documentation should be obtained which shows that notice scheduling the examinations was sent to the last known address. It should also be indicated whether any notice that was sent was returned as undeliverable.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
Laura H. Eskenazi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).