Citation Nr: 1522689 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 10-40 587 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for a left knee disability.

2. Entitlement to service connection for a right knee disability (claimed as a right knee laceration).


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

J.C. Chapman


INTRODUCTION

The Veteran served on active duty from March 1948 to February 1955, and had subsequent active duty for training. These matters are before the Board of Veterans' Appeals (Board) on appeal from April 2009 (right knee) and December 2013 (left knee) rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO). In May 2010, the Veteran testified before a Decision Review Officer (DRO). In April 2015, a videoconference hearing was held before the undersigned. Transcripts from these hearings are associated with the record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is being REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on his part is required.


REMAND

The Veteran contends that his left knee and right knee disabilities are due to an injury in service. Specifically, he alleges that in April 1950, he fell while running through the jungle in the Philippines and injured his knees. He reported seeking treatment in 1955 and having continuing knee problems. A review of the record reflects a diagnosis of arthritis in both knees. The Board notes that although there is no evidence of such injury in service, the Veteran's STRs have been determined to be incomplete. Therefore, VA has a heightened duty to assist the Veteran in developing evidence to substantiate his claims. O'Hare v. Derwinski, 1 Vet. App. 365 (1991). Further, in March 2015, the Veteran's private treating orthopedic surgeon submitted a statement indicating that the Veteran reported sustaining injuries to his left and right knee and that "based on the severity of the impact to the left knee, there is a strong likelihood that significant posttraumatic osteoarthritis of the left knee developed." He additionally stated that the Veteran continues to "complain of intermittent right knee pain and swelling secondary to posttraumatic osteoarthritis of the right knee." Accordingly, considering the above, the Board finds that the low threshold standard of when VA should secure an examination is met and an examination to secure a medical opinion regarding the likely etiology of left and right knee arthritis is necessary. See McLendon v. Nicholson, 20 Vet. App. 27, 79 (2006). 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any outstanding treatment records relevant to the knees.

2. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of any left and right knee disabilities. It is imperative that the record be made available to the examiner for review in connection with the examination. Any medically indicated special tests should be accomplished. After a review of the record and examination of the Veteran, the examiner should respond to the following:

(a) Please identify (by medical diagnosis) each left knee and right knee disability entities found.

(b) As to each left knee disability entity diagnosed, is it at least as likely as not (a 50% or better probability) related to the Veteran's service, to include due to the reported fall while running through the jungle in the Philippines? 

(c) As to each right knee disability entity diagnosed, is it at least as likely as not (a 50% or better probability) related to the Veteran's service, to include due to the reported fall while running through the jungle in the Philippines? 

A complete rationale for all opinions should be provided. 

3. Then review the record and readjudicate the claims on appeal. If either remains denied, issue an appropriate supplemental statement of the case, afford the Veteran and his representative opportunity to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M.C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).