Citation Nr: 1817422 
Decision Date: 03/23/18 Archive Date: 04/03/18

DOCKET NO. 13-06 032 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of service connection for a respiratory disability.

2. Whether new and material evidence has been received to reopen a claim of service connection for a left foot disability.

3. Entitlement to service connection for sleep apnea.

4. Entitlement to service connection for hypertension.

5. Entitlement to service connection for vitiligo.

6. Entitlement to service connection for a left ankle disability.

7. Entitlement to service connection for a left shoulder disability.

8. Entitlement to service connection for bilateral hearing loss.

9. Entitlement to service connection for tinnitus.

10. Entitlement to service connection for a left arm disability.

11. Entitlement to service connection for a left leg disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. Matta, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from September 1956 to November 1957. These matters are before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the San Juan, Puerto Rico Department of Veterans Affairs (VA) Regional Office (RO) in August 2011 (which denied service connection for hypertension and sleep apnea, and declined to reopen claims of service connection for left foot and respiratory disabilities); January 2013 (which denied service connection for hearing loss and tinnitus); August 2015 (which denied service connection for vitiligo); and April 2017 (which denied service connection for left ankle and shoulder disabilities). In August 2013 and December 2017, informal hearings were held before a Decision Review Officer (DRO). 

 The RO has considered the Veteran's claims of service connection for hearing loss and tinnitus as claims to reopen. The Board notes, however, that the Veteran submitted what the Board takes to be a notice of disagreement within one year of the original rating decision issued in November 2014. Accordingly, that decision is not final and the claim will be reviewed de novo. 38 U.S.C. § 7105.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The issues of service connection for sleep apnea, hypertension, vitiligo, hearing loss, left ankle, left shoulder, left arm, and left leg disabilities, and the issues of whether new and material evidence has been received to reopen claims of service connection for respiratory and left foot disabilities are REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is necessary.


FINDINGS OF FACT

1. The Veteran's service treatment records (STRs) consist of two pages; the remainder of his STRs are unavailable.

2. During his September 2013 VA hearing loss examination, the Veteran could not specify the date of onset for tinnitus. The examiner, noting that there is no evidence of reports of tinnitus while in service (despite the lack of STRs) nor until 55 years postservice, opined that tinnitus is less likely caused by or a result of acoustic trauma while in service.

3. During October 2016 private treatment, the Veteran reported tinnitus in his left ear since 1998.

4. During an October 2016 private examination, the Veteran reported ringing in his ears since service.

5. It is not in dispute that the Veteran has tinnitus, and that he was exposed to noise trauma in service. He is competent to observe that he has experienced tinnitus. Although the Veteran has provided different dates for the onset of his tinnitus, the Board finds that the evidence is evenly balanced for and against (in "relative equipoise") a finding that tinnitus had it onset in service, or shortly after, and has persisted since that time.


CONCLUSION OF LAW

Service connection for tinnitus is warranted. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).


ORDER

Service connection for tinnitus is granted.


REMAND

The Board finds that further development of the record is necessary to comply with VA's duty to assist the Veteran in the development of facts pertinent to his remaining claims. 

As an initial matter, the Board notes that the Veteran's record includes two pages of STRs; it is unclear whether the Veteran provided such documents himself, or if the RO obtained them. Regardless, the RO has determined that the remainder of the Veteran's STRs are unavailable: in a January 1990 Informal Information Reply from the National Personnel Records Center (NPRC), it was determined that the records needed to answer the RO's inquiry were not in the files and that if the Veteran's record was at the NPRC on July 12, 1973, they would have been in the area that suffered the most damage in the fire on that date and may have been destroyed; complete records could not be reconstructed. In January 2008, the AOJ determined that the Veteran's STRs are "fire related and there are no STRs"; however, the Veteran was not notified of that fact. Because his STRs are unavailable, VA has a well-established heightened duty to assist. O'Hare v. Derwinski, 1 Vet. App. 365 (1991). This includes notifying the Veteran of all unavailable records and giving him the opportunity to submit copies of any STRs in his possession.

Claim to Reopen: Left Foot Disability

The Veterans Claims Assistance Act of 2000 requires that certain assistance be provided to a claimant even prior to any consideration of whether a previously finally denied claim may be reopened. See generally 38 C.F.R. § 3.159. This includes that the VA make reasonable efforts to obtain all pertinent private treatment records. 

It appears that the Veteran is seeking private treatment for his left foot disability. In a November 2016 record, Dr. Rolando Colon Nebot stated that he examined the Veteran's left ankle and left foot; unfortunately, the diagnosis given is illegible. That treatment record also refers to treatment conducted in October 2016. The record does not contain such records (or any indication that they were sought by the RO). Inasmuch as this November 2016 record has identified pertinent (perhaps critical) evidence that is outstanding, VA's duty to assist requires VA to assist the Veteran in obtaining this evidence.

Vitiligo

To date, an examination has not been conducted to determine whether the Veteran's vitiligo is due to service or is caused or aggravated by his service. The Board finds that the low threshold standard for when the Board should order a VA examination to obtain a medical opinion is met. McLendon v. Nicholson, 20 Vet. App. 27 (2006).


Left Arm and Left Leg Disabilities

The Veteran timely filed a notice of disagreement with a March 1982 decisional letter that denied service connection for left arm and leg disabilities. The AOJ has not issued a statement of the case (SOC) in these matters. In such circumstances, the Board is required to remand for the issuance of an SOC. See Manlincon v. West, 12 Vet. App. 238, 240 (1999). These matters are not now before the Board and will only be on appeal to the Board if the Veteran timely files a substantive appeal after an SOC is issued.

Accordingly, the case is REMANDED for the following:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should also contact the Veteran and advise him that his STRs and service personnel records are unavailable, and ask him to submit any of these records in his possession. 

2. The AOJ should ask the Veteran to identify all providers of evaluations or treatment he received for the disabilities remaining on appeal and to provide authorizations for VA to obtain records of any such private evaluations or treatment, to specifically include records from Dr. Rolando Colon Nebot. The AOJ should obtain for the record complete clinical records of the evaluations and treatment identified (i.e., any not already associated with the record). If any private records identified are not received pursuant to the AOJ's request, the Veteran should be so notified and advised that ultimately it is his responsibility to ensure that private records are received.

3. The AOJ should specifically obtain for the record complete clinical records of all VA evaluations and treatment the Veteran has received for the disabilities remaining on appeal (i.e., update to the present all records of VA evaluations and treatment for his disabilities from all VAMCs).

4. Thereafter, the AOJ should arrange for the Veteran to be examined by an appropriate physician to determine the likely cause of his vitiligo. The record, including this remand, must be reviewed by the examiner in conjunction with the examination. Based on review of the record and interview and examination of the Veteran, the examiner should provide opinions that respond to the following:

Identify the likely cause of the Veteran's vitiligo. Specifically, is it at least as likely as not (a 50 percent or better probability) that such disability arose during (was first manifested in) or was otherwise causally related, at least in part, to his active duty service? 

The examiner's attention is directed to the Veteran's statement in his July 2016 VA Form 9, substantive appeal, that he worked in the motor pool as an auto maintenance helper and that they used a white hand cleanser to wash grease from their hands; the same cleanser was used to clean grease from the floors. He felt his hands burning after every wash and was given a prescription cream in sick call. The examiner should assume that this statement by the Veteran is accurate and credible. The examiner is also advised that the Veteran's STRs are unavailable and, therefore, the fact that there is no evidence in the record confirming these in-service skin problems is NOT evidence against the claim and cannot be used to support a negative linkage opinion.

A detailed explanation (rationale) is requested for all opinions provided. By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested. 

5. IF, AND ONLY IF, the records received suggest that the Veteran has, or at any time during the pendency of this claim has had, a left foot disability, the AOJ should arrange for the Veteran to be examined by an appropriate physician to determine the likely cause of such disability. 

The entire record must be reviewed by the examiner in conjunction with the examination. Based on review of the record, and interview and examination of the Veteran, the examiner should provide opinions that respond to the following: 

(a) Please identify any left foot disability by diagnosis.

(b) Please provide an opinion regarding the cause of each and every foot disability diagnosed. Specifically, is it at least as likely as not (a 50% or better probability) that such disability was incurred in or caused by the Veteran's service? 

The examiner's attention is directed to a November 1956 STR that notes left foot pain.

A detailed explanation (rationale) is requested for all opinions provided. By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested. 

6. The AOJ should review its determination on the claims seeking service connection for left arm and left leg disabilities, arrange for any further development indicated (including contemporaneous examinations, if indicated), and issue an appropriate SOC in these matters. The Veteran and his representative should be advised of the time afforded for perfecting an appeal in these matters, and given opportunity to do so. If that occurs, these matters should also be returned to the Board for appellate review.

7. The AOJ should then review the record, arrange for any development deemed necessary (especially if the Veteran submits copies of his STRs which indicate an examination is necessary for any disability on appeal), and re-adjudicate the claims. If any remain denied, the AOJ should issue an appropriate supplemental SOC and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

 (CONTINUED ON NEXT PAGE)



The Veteran has the right to submit additional evidence and argument on the remanded matters. Kutscherousky v. West, 12 Vet. App. 369 (1999). As a remand, these matters must be handled expeditiously. 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs