﻿Citation Nr: 18142037
Decision Date: 10/12/18 Archive Date: 10/12/18

DOCKET NO. 05-18 801
DATE: October 12, 2018
REMANDED
Entitlement to service connection for a left foot disability, to include hammer toe, hallux valgus, osteopenia, a heel spur, metatarsus adductus, and arthritis, is remanded.
Entitlement to service connection for a right foot disability, to include hammer toe, hallux valgus, osteopenia, a heel spur, metatarsus adductus, and arthritis, is remanded.
Entitlement to service connection for an upper back disability, to include as secondary to a bilateral foot disability, is remanded.
Entitlement to service connection for a left knee disability, to include as secondary to a bilateral foot disability, is remanded.
Entitlement to service connection for a left ankle disability, to include as secondary to a bilateral foot disability, is remanded.
Entitlement to service connection for a right ankle disability, to include as secondary to a bilateral foot disability, is remanded.
Entitlement to service connection for cervical radiculopathy is remanded.
Entitlement to service connection for carpal tunnel syndrome in the left hand is remanded.
Entitlement to service connection for carpal tunnel syndrome in the right hand is remanded.
REASONS FOR REMAND
The Veteran served on active duty for training from September 1958 to March 1959, and in active duty from January 1962 to April 1964.
These matters are before the Board of Veterans’ Appeals (Board) on appeal from August 2004, August 2009, and July 2018 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO).
The August 2004 decision denied service connection for a “bone condition,” to include heel spurs.
The Board considered the matter in December 2007. At that time, service connection was denied for a bilateral foot disorder, to include heel spurs and arthritis. The appellant appealed the Board’s December 2007 decision to the U.S. Court of Appeals for Veterans Claims (CAVC). In November 2008, the CAVC granted a joint motion to vacate the December 2007 Board decision and remand the appeal.
The August 2009 rating decision denied service connection for left knee meniscal tear and chondromalacia secondary to a bilateral foot condition; an upper back condition secondary to a right foot disability; and a bilateral ankle condition secondary to a right foot disability. The August 2009 rating decision also denied service connection for neuroma in the right foot and for degenerative disc disease of the lumber spine secondary to a bilateral foot condition; both denials were due to the lack of no new and material evidence.
The appeal as to the matters raised in the August 2004 and August 2009 rating decisions were before the Board in September 2012. At that time, the claims were remanded for additional development.
The appeal was before the Board again in September 2014. At that time, the claims of all matters raised in the August 2004 and August 2009 rating decisions were denied.
The claimant appealed the Board’s September 2014 decision to the CAVC. In May 2015, the CAVC granted a joint motion for partial remand that partially vacated the September 2014 Board decision. The joint motion limited the issues to those of service connection for a bilateral foot disorder and for left knee, upper back, and bilateral ankle conditions secondary to the bilateral foot disorder. The appeal as to the remaining issues was dismissed; as such, the issue of whether new and material evidence has been received with respect to the claims of service connection for right foot neuroma and a lower back disability are no longer before the Board.
The appeal as to the matters of entitlement to of service connection for a bilateral foot disorder and for left knee, upper back, and bilateral ankle conditions secondary to the bilateral foot disorder were before the Board again in August 2015 and November 2017. On those occasions, the claims were remanded for additional development.
The July 2018 rating decision denied service connection for bilateral carpal tunnel syndrome and for cervical radiculopathy. The appellant timely appealed the July 2018 rating decision with a notice of disagreement received by VA in September 2018. To date, the RO has not issued a statement of the case.
1. Entitlement to service connection for left and right foot disabilities, to include hammer toe, hallux valgus, osteopenia, a heel spur, metatarsus adductus, and arthritis, is remanded.
The Veteran underwent a compensation and pension examination for his feet in March 2018. The examination is inadequate for adjudication purposes for several reasons.
The examiner indicated that “[t]here is no evidence that the Veteran has seen a podiatrist in many years.” However, the evidence reflects the Veteran indeed seeking podiatry treatment for extended periods, such as with Dr. R.G. and Dr. M.K. e.g., 09/21/2004, VBMS, Medical Treatment Record - Non-Government Facility; 06/11/2018, VBMS, Medical Treatment Record - Non-Government Facility; 06/14/2018, VBMS, Medical Treatment Record - Non-Government Facility.
Moreover, the examiner lists no diagnoses associated with the Veteran’s feet, but elsewhere in the report indicates that the Veteran has hammer toe, symptoms of hallux valgus, osteopenia, heel spurs, and metatarsus adductus. Moreover, although the examiner indicated the Veteran has hammer toes and hallux valgus, elsewhere in the report he indicates that the Veteran has “no symptoms referable to either condition.”
Furthermore, the examiner noted that there is no pain on physical examination of either foot, but elsewhere acknowledges the Veteran has pain in his feet.
Finally, although the examiner indicated that he reviewed the “lay statement[s],” it does not appear he has considered any of the Veteran’s lay contentions in his rationale. E.g., 09/21/2004 VBMS, Correspondence. This is inconsistent with the November 2017 Board remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998).
2. Entitlement to service connection for an upper back disability, to include as secondary to a bilateral foot disability; entitlement to service connection for a left knee disability, to include as secondary to a bilateral foot disability is remanded; entitlement to service connection for a left ankle disability, to include as secondary to a bilateral foot disability; and entitlement to service connection for a right ankle disability, to include as secondary to a bilateral foot disability, are remanded.
Because a decision on the remanded issues of entitlement to service connection for left and right foot disabilities could significantly impact a decision on the issues of entitlement to service connection for an upper back disability, to include as secondary to a bilateral foot disability; entitlement to service connection for a left knee disability, to include as secondary to a bilateral foot disability is remanded; entitlement to service connection for a left ankle disability, to include as secondary to a bilateral foot disability; and entitlement to service connection for a right ankle disability, to include as secondary to a bilateral foot disability, the issues are deemed inextricably intertwined. A remand of the claims for the issues of entitlement to service connection for an upper back disability, to include as secondary to a bilateral foot disability; entitlement to service connection for a left knee disability, to include as secondary to a bilateral foot disability is remanded; entitlement to service connection for a left ankle disability, to include as secondary to a bilateral foot disability; and entitlement to service connection for a right ankle disability, to include as secondary to a bilateral foot disability, is required.
3. Entitlement to service connection for bilateral carpal tunnel syndrome and cervical radiculopathy is remanded.
Regarding the claims of entitlement to service connection for bilateral carpal tunnel syndrome and entitlement to service connection for cervical radiculopathy, the Veteran submitted a timely notice of disagreement with the July 2018 rating decision, but a statement of the case has not yet been issued. A remand is required for the agency of original jurisdiction to issue a statement of the case. 38 C.F.R. § 20.200; Manlincon v. West, 12 Vet. App. 238, 240–41 (1999).
Additionally, on remand, any outstanding, pertinent VA treatment records should be obtained.
The Board notes that the service treatment records appear to have been partially damaged by a fire and through no fault of the appellant. In accordance with O’Hare v. Derwinski, 1 Vet. App. 365, 368 (1991), a heightened duty now exists to assist the Veteran in the development of the case.
The matters are REMANDED for the following actions:
1. Send the Veteran and his representative a statement of the case that addresses the issues of entitlement to service connection for cervical radiculopathy and entitlement to service connection for bilateral carpal tunnel syndrome. If the Veteran perfects an appeal by submitting a timely VA Form 9, the issues should be returned to the Board for further appellate consideration.
2. Obtain and associate with the claims file any outstanding, pertinent VA treatment records. As many attempts should be made as necessary to obtain the VA records, to include requesting a specific negative response if no records are located. The appellant is to be notified of any unsuccessful effort to obtain outstanding VA and private treatment records to allow the opportunity to obtain and submit those records for VA review. Moreover, notify the appellant that he may submit VA Forms 21-4142 and 21-4142a to authorize any private medical provider to disclose and release to VA information on the Veteran’s treatment, and then request those medical records from the private medical provider(s). Additionally, notify the appellant that he may submit any relevant VA and private treatment records in his possession to VA.
3. After all development has been completed and returned from step 2 above, request the VA examiner who conducted the March 2018 VA examination to review the claims file. If the March 2018 VA examiner is unavailable, then another appropriate VA clinician should be requested to review the claims file. The clinician is asked to review the claims file to become familiar with the pertinent medical history. If the clinician finds it necessary to conduct a new examination, then schedule such an examination for the Veteran. After reviewing the claims file (and conducting an additional examination, if necessary), the clinician is to address the following for each foot:
(a.) Is any foot disability—to include hammer toe, hallux valgus, osteopenia, heel spurs, metatarsus adductus, and arthritis—at least as likely as not (50 percent or greater probability) related to active service? If not, does the record at least as likely as not (50 percent or greater probability) show that any arthritis manifested within one year of the Veteran’s separation from service in April 1964?
Consider all lay and medical evidence, to include the Veteran’s lay contentions and all prior VA and private examinations.
 
Eric S. Leboff
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Shouman, Associate Counsel