**James CURRY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary Of Veterans Affairs, Appellee.**

**No. 91–504.**

United States Court of Veterans Appeals.

Feb. 21, 1992.

case to the Board for it to determine whether the most recent evidence submitted is new and material, and, if so, to evaluate both the old and the new evidence in connection with appellant's claim. The Secretary also contends that the BVA should more fully articulate the reasons or bases for its findings and more fully discuss the opinions of private physicians in its assessment of the evidence. In response, appellant opposes the motion for remand, arguing that his case has already been before the BVA on two previous occasions, and that it has not received adequate consideration at those times.

The Court notes that appellant's service records are missing and presumed destroyed by a fire in 1973 at the National Personnel Records Center. The Court has held that "in such a case, the BVA's obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt rule is heightened." *O'Hare v. Derwinski* 1 Vet.App. 365, 367 (1991). Mere conclusory statements regarding the evaluation of the evidence and consideration of the benefit-of-the-doubt rule will not suffice. *Ibid.* The benefit-of-the-doubt rule applies to claims to reopen and "necessarily lowers the threshold of whether the new and material evidence is sufficient to change the outcome." *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Thus, the BVA was required to consider and explain whether the evidence received since its prior decision was new and material, specifically addressing the applicability of the benefit-of-the-doubt rule, with reasons and bases for all of its findings.

In considering appellant's contentions that the BVA should resolve reasonable doubt in his favor, and in viewing the record in the light most favorable to him, it appears that remand is the appropriate remedy. On consideration of the foregoing, it is

ORDERED that the Secretary's motion for remand is incorporated herein and granted and the Board's January 25, 1991, decision is vacated. The Court retains jurisdiction and the record is remanded, pursu-

Before STEINBERG, Associate *Judge.*

## ORDER

On January 25, 1991, the Board of Veterans' Appeals (BVA or Board) issued a decision from which this appeal arises. On August 19, 1991, appellant filed his informal brief in this case. On September 30, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion to remand the

ant to 38 U.S.C. § 7252(a) (formerly § 4052(a)), for prompt compliance with the procedures described in the Secretary's motion for remand. Remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004). A remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).