Citation Nr: 1441517 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 11-32 741 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for a bilateral shoulder disability.

2. Entitlement to service connection for a right knee disability.

3. Entitlement to service connection for a left knee disability. 


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

Sara Kravitz, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1981 to October 1989 and from October 1989 to December 1990. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an December 2010 rating decision of the Winston-Salem, North Carolina Regional Office (RO) of the Department of Veterans Affairs (VA), which denied the Veteran's claims for entitlement to service connection for a chronic bilateral shoulder disability and a chronic bilateral knee disability. 

In February 2014 the Veteran testified before the undersigned at a central office hearing. A copy of the transcript has been associated with the claims file. 

The Board notes that, in addition to the paper claims file, there are electronic claims files associated with the Veteran's claim. The Board has reviewed the documents in both the paper claims file and the electronic claims files.

The issues of service connection for a bilateral shoulder disability and a right knee disability are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

On February 5, 2014, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran at his hearing that a withdrawal of his appeal for entitlement to service connection a left knee disability is requested.

CONCLUSION OF LAW

The criteria for withdrawal of the appeal for service connection for a left knee disability by the Veteran have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2002). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2013). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran has withdrawn his appeal for entitlement to service connection for a left knee disability at his hearing, and, hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.


ORDER

The appeal for entitlement to service connection for a left knee disability is dismissed.


REMAND

The Veteran essentially contends that he has a bilateral shoulder disability and a right knee disability because he served as a drill instructor for four years during service, completed strenuous drill exercises, and stepped into a hole during a road march. 

First, while the Veteran's service treatment records have been found to be unavailable in a December 2010 Formal Finding of Unavailability, there may be outstanding private medical records from the time period of the Veteran's service. The Board recognizes that it has a heightened obligation to assist the Veteran in the development of his case, and to explain findings and conclusions when records in the possession of the government are presumed to have been lost or destroyed. See O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). In his February 2014 hearing testimony the Veteran stated that he was treated at Southside Regional Medical Center during service. While Southside has already been contacted and gave a negative response, the previous dates requested were after service, therefore they should be contacted again to conduct another search for records during the Veteran's service period. The Veteran also indicated that a D.S., Sergeant, 1st Class, currently of Petersburg, Virginia was with the Veteran when he injured himself in service. Accordingly, VA should contact the Veteran to see if he can provide a buddy statement. 

In the Veteran's February 2014 hearing he also indicated that he had been treated by a Dr. O. of Onslow Drive in Jacksonville, North Carolina in 2011 who told the Veteran he may need to get fluid drained off the right knee or have the ligaments repaired in that knee, as well as treating the Veteran's shoulders. There is no indication that the RO subsequently made a request for these records, and they are not currently associated with the claims file. Therefore, the Board finds that a remand is required to request these records. See 38 U.S.C.A. § 5103A(b) (West 2002). 

Accordingly, the case is REMANDED for the following actions:

1. With appropriate authorization from the Veteran, obtain and associate with the claims file all private medical records pertaining to the Veteran not currently of record, specifically to include the Veteran's medical records from Dr. O. of Onslow Drive in Jacksonville, North Carolina, and the patient records from Southside Regional Medical Center from October 1981 through December 1990, as well as any other updated treatment records. See February 2014 hearing transcript. 

All attempts to secure this evidence must be documented in the claims file. If, after making reasonable efforts to obtain named records VA is unable to secure same, it must notify the Veteran and (a) identify the specific records that VA is unable to obtain; (b) briefly explain the efforts made to obtain those records; (c) describe any further action to be taken by VA with respect to the claim; and (d) that he is ultimately responsible for providing the evidence. The Veteran and his representative must then be given an opportunity to respond. 

2. Contact the Veteran and ask him to provide a buddy statement from a Mr. D.S., Sergeant, 1st Class, of Petersburg, Virginia, who was with the Veteran when he hurt his knee. See February 2014 hearing transcript. 

3. Then, after ensuring any other necessary development has been completed, readjudicate the Veteran's claim. If action remains adverse to the Veteran, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate opportunity to respond. Thereafter, the case should be returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs