Citation Nr: 1522696 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 10-46 789 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for a low back disability.

2. Entitlement to service connection for a left knee disability.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

W. H. Donnelly, Counsel



INTRODUCTION

The Veteran served on active duty with the United States Marine Corps from July 1969 to July 1971.

These matters come before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision by the Jackson, Mississippi, Regional Office (RO) of the United States Department of Veterans Affairs (VA), which denied service connection for a number of claimed orthopedic disabilities. Although the Veteran initiated and perfected appeals with regard to multiple issues, in February 2011 correspondence he withdrew his appeals with regard to all except those listed above.

The Board has reviewed the Veteran's physical claims file and the electronic records maintained in Virtual VA and Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board notes that despite repeated efforts, VA has been unable to obtain the Veteran's service treatment records (STRs) from the National Personnel Records Center (NPRC). The records have been declared unavailable, and the Veteran properly notified. He has in turn stated that he does not have any STRs in his possession.

Under such circumstances, there is a heightened obligation to assist the Veteran in the development of the case, a heightened obligation to explain findings and conclusions, and a heightened duty to consider carefully the benefit of the doubt rule. See Washington v. Nicholson, 19 Vet. App. 362, 369-70 (2005); Cromer v. Nicholson, 19 Vet. App. 215, 217 (2005) (citing O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991)); Cuevas v. Principi, 3 Vet. App. 542, 548 (1992).

Review of the claims file reveals that the Veteran was determined to be eligible for receipt of supplemental security income (SSI) from the Social Security Administration (SSA) as of May 1999. Such benefits include some consideration of the Veteran's disability level, though they focus primarily upon income assistance. The possibility exists, therefore, that the SSA records may contain evidence relevant to the Veteran's claims, to include the presence of disability or complaints regarding the low back or left knee at the time of application.

Additionally, the veteran should be asked to identify any and all treatment providers who have seen him for the claimed conditions since service. This includes both VA and private providers.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request properly executed, separate VA form 21-4142's, Authorization and Consent to Release Information to the Department of Veterans Affairs, for all private health care providers who have treated him for the low back or left knee since service.

Upon receipt of such, VA must take appropriate action to contact the identified providers and request complete records. The Veteran should be informed that in the alternative he may obtain and submit the records himself.

2. Contact the Veteran and ask that he identify all VA facilities at which he has been treated since service, and take appropriate actions to obtain all identified records. VA must ensure that searches for any archived records, both electronic and paper, are conducted.

3. Contact SSA and request copies of all decisions and supporting documents regarding the May 1999 decision awarding the Veteran SSI benefits.

4. Review the claims file to ensure that all of the foregoing requested development is completed, and arrange for any additional development indicated. Then readjudicate the claims on appeal. If any of the benefits sought remain denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).