Citation Nr: 1761207 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 13-00 021 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for a spine disorder. 


REPRESENTATION

Veteran represented by: Paralyzed Veterans of America, Inc.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. Reed, Associate Counsel


INTRODUCTION

The Veteran had active duty service from October 1977 to October 1982. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

This matter was previously before the Board in February 2016, at which time it was remanded for further development. 

The Veteran testified at a Board hearing before a Veterans Law Judge in March 2015; a transcript of that hearing is associated with the claims file. That Veterans Law Judge is no longer available to participate in this decision. In a July 2017 letter, the Veteran was informed of this fact and also informed of his right to a hearing before a different Veterans Law Judge. In an August 2017 correspondence, the Veteran indicated that he did not desire another hearing. The Board will therefore proceed with adjudication of his claim at that this time.


FINDING OF FACT

The Veteran's currently diagnosed spine disorder is related to his military service.


CONCLUSION OF LAW

The criteria for service connection for a spine disorder have been met. 38 U.S.C. §§ 1110, 1153, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.306 (2017).



REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110; 38 C.F.R. § 3.303. Establishing service connection generally requires evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107 (2012); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran has a current spine disorder. VA treatment records indicate that the Veteran was diagnosed with cervical degenerative disc disease with cervical spinal stenosis and spinal cord compression and resultant myelomalacia in March 2009, for which the Veteran received an April 2009 laminectomy and posterior cervical fusion. VA treatment records indicate he has continued to receive treatment for his cervical stenosis since that time. Thus, the current disability criterion is met. 

The Veteran has stated that his current spine disorder is related to his military service, asserting that he experienced back and neck pain due to injuries sustained while in service. In a July 2009 written statement, the Veteran indicated that his in-service duties consisted of lifting heavy objects, and referenced a fall in service as the cause of his current spine disorder. In a June 2012 hearing before a Decision Review Officer, the Veteran also indicated that his duties as a warehouseman attached to an infantry unit would sometimes require him to carry a pack weighing somewhere between forty and sixty pounds, noting that he periodically experienced pain as a result. In his March 2015 Board hearing, the Veteran further stated that while serving in Okinawa as a warehouseman, he injured his back and fell attempting to retrieve a large tent from a warehouse, stating that he received treatment for the injury in service and was taken off duty for about two weeks. 

The Board notes that the Veteran's service personnel records have been obtained in this case, along with a copy of the Veteran's September 1977 enlistment examination; however, in an August 2009 memorandum, the RO made a formal finding that the Veteran's service treatment records are not available for review. In appeals where a veteran's service treatment records are unavailable, there is a heightened obligation to assist the appellant in the development of the case, a heightened obligation to explain findings and conclusions, and a heightened duty to consider carefully the benefit of the doubt rule. See Washington v. Nicholson, 19 Vet. App. 362, 369-70 (2005); see also Cromer v. Nicholson, 19 Vet. App. 215, 217 (2005) (citing O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991)).

The Veteran also submitted a number of lay statements concerning back and neck pain in service. In a July 2012 buddy statement, P.D. indicated that while he served with the Veteran in Okinawa, Japan, the Veteran would sometimes complain of back, shoulder, and neck pains. In July 2013, the Veteran's ex-wife indicated that during her marriage to the Veteran, which began in service in June 1979, the Veteran suffered from chronic back pain. In a March 2015 buddy statement, R.G. recalled instances where the Veteran experienced back problems while in service, which sometimes caused him not to be able to perform his duties. 

The Veteran's DD 214 demonstrates that his military occupational specialty (MOS) was warehouse clerk. There is no back or neck condition noted on the Veteran's September 1977 enlistment examination. In light of the Veteran's missing service treatment records, the lay statements of record regarding back and neck pain in service, and the Veteran's MOS during military service, the Board concedes his reported back and neck pain in service after resolving any reasonable doubt in favor of the Veteran. Thus, in-service incurrence criterion is met.

The remaining question is whether the Veteran's current spine disorder is related to his active service. In December 2012, the Veteran underwent a VA contract examination with respect to his claimed neck and back conditions, in which the contract examiner indicated that the claimed condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event, or illness; in the rationale provided, the examiner indicated that because there were no service treatment records available for review, he was unable to render an opinion regarding direct service connection without resorting to mere speculation. In a February 2016 remand, the Board concluded that the medical opinion provided by the contract examiner was inadequate as it was based solely on the lack of service treatment records, and there was no evidence that the VA examiner considered the Veteran's lay statements of record in formulating an opinion. The Veteran subsequently underwent an August 2016 VA examination for his neck and back conditions, in which the VA examiner ultimately concluded that he would be unable to provide an etiology opinion without resorting to speculation. 

The sole remaining evidence respecting a nexus is a September 2010 opinion and a February 2015 addendum opinion submitted by T.D.L., a VA physician who has been treating the Veteran since April 2009 for his spine disorder. In his September 2010 opinion, Dr. T.D.L. stated that he believed "it is reasonable to suspect the etiology of his cervical stenosis and myelopathic symptoms is at least partially secondary to chronic injury related to military service[,]" noting that the Veteran had reported that he injured his back from carrying heavy packs and loads in service. In his February 2015 addendum opinion, Dr. T.D.L. indicated that since his previous letter, he reviewed lay statements concerning the Veteran's symptoms of neck pain and back pain in service, opining that "[i]f these letters are deemed credible by the VARO, then my opinion based on these letters would lead me to the opinion that it is more likely than not that the etiology of his cervical stenosis and myelopathic symptoms is at least partially secondary to chronic injury related to military service and some of these symptoms were present and noted by [the Veteran]." The Board acknowledges that Dr. T.D.L. did not review the Veteran's service treatment records, but as noted above, those records were deemed unavailable and are not associated with the claims file. Dr. T.D.L. based his etiology opinion on the back and neck pain described in the Veteran's lay statements and the other lay statements of record, and the Board conceded the Veteran's in-service back and neck pain on the strength of those lay statements. 

Accordingly, the Board resolves all reasonable doubt in the Veteran's favor and concludes that the evidence is at least in equipoise as to whether the Veteran's current spine disorder is related to his military service. It follows that service connection for a spine disorder is warranted.


ORDER

Service connection for a spine disorder is granted. 



____________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs