﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/20/19

DOCKET NO. 190321-5187
DATE: June 20, 2019

ORDER

Readjudication of the claim for service connection for residuals of a back injury is warranted.

REMANDED

Entitlement to service connection for residuals of a back injury is remanded.

FINDING OF FACT

New evidence was received after the May 2017 denial that is relevant to the issue of entitlement to service connection for back injury. 

CONCLUSION OF LAW

The criteria for readjudicating the claim for service connection for back injury have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). 

REASONS AND BASES FOR FINDING AND CONCLUSION

This case comes before the Board of Veterans’ Appeals (Board) on appeal from December 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

The Board notes that the rating decision on appeal was issued in December 2018. In January 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran served on active duty from April 1957 to April 1959. The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, this decision considers the evidence of record as of the date VA received the RAMP election form. 

The new and material evidence issue regarding back injury has been recharacterized to reflect the applicable evidentiary standard. 84 Fed. Reg. 138, 172, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 3.2501(a)(1), 19.2). 

In the December 2018, pre-AMA election decision, the Agency of Original Jurisdiction (AOJ) did not find that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for back injury. Consequently, the service connection claim was still pending when the Veteran opted into AMA. The AOJ considered the merits of the service connection claim in its April 2018 AMA rating decision. 38 U.S.C. § 7104(a).

NEW AND RELEVANT EVIDENCE

1. Whether new and relevant evidence was presented to warrant readjudicating the May 2017 claim for service connection for back injury. 

The Veteran contends that he submitted evidence with his legacy system petition to reopen a claim for service connection for back injury that is new and relevant and warrants readjudication of the issue. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)). 

The question in this case is whether the Veteran submitted evidence after the prior final denial of his claim for service connection for back injury in the legacy system, and if so, whether that evidence is new and relevant to his claim. 

The Board finds the Veteran submitted new evidence after the prior final rating decision in the legacy system that is relevant to his claim. The Veteran submitted a private medical nexus opinion in November 2018, after the May 2017 prior final legacy rating decision. The opinion was not already of record and may prove or disprove the nexus element of the claim for service connection for back injury. Readjudication of the claim is warranted.

REASONS FOR REMAND

2. Entitlement to service connection for residuals of a back injury is remanded.

The Veteran’s service treatment records (STR’s) are unavailable for review. Efforts to obtain any such records by the VA Regional Office were unsuccessful as the record indicates that these records are fire-related. The Board acknowledges that the VA has a heightened duty to assist in these cases. O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991); see also Cromer v. Nicholson, 19 Vet. App. 215 (2005). The Board finds no indication that other outstanding military records exist, that additional efforts to obtain the missing records would be futile, and that all records identified by the Veteran as relating to this claim have been obtained to the extent possible.

The Veteran’s post-service records include reports from the Veteran stating that he has had back pain since childhood and/or 1952. The Veteran did not enter active duty service until 1957. 

The Board finds the current VA opinion of record is inadequate. In April 2017, a VA examiner opined that the Veteran’s back disability was less likely than not incurred in or caused by service. He specifically stated that the Veteran’s diagnosis of lumbar fusion was less likely than not incurred in the same injury that resulted in an umbilical hernia or the inguinal hernia noted in his records of hospitalization. He reasoned there was no indication in the available information documenting a back injury serious enough to persist and put the Veteran at a greater risk for a back condition, requiring a fusion, or developing degenerative disc disease, IVDS, or right lower extremity radiculopathy. 

This opinion is inadequate because it does not address the Veteran’s contentions that he has had continuous back pain since service. Moreover, the opinion relies on the absence of evidence in medical records that do not exist. 

The matter is REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician. After reviewing the claims file, the examiner is asked to opine on the following:

(a.) Whether the Veteran has a back disorder which, as likely as not, was incurred in or aggravated by active duty. 

The examiner should elicit more specific details regarding when the Veteran’s back problems began, and he/she is advised that the Veteran is competent to report injuries and symptoms and that his reports must be considered in formulating the requested opinion. If the Veteran's reports of medical history are discounted, the examiner should so state and then provide a reason for the determination. 

The examiner is also advised that the absence of evidence is an insufficient basis, by itself, for a negative opinion.

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J.Wade, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.