﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 190627-10793
DATE: July 30, 2019

REMANDED

Entitlement to service connection for cancer of the ears is remanded.

Entitlement to service connection for dermatitis (also claimed as skin cancer) is remanded.

Entitlement to service connection for lumbar strain is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1950 to July 1955. 

1. Entitlement to service connection for cancer of the ears is remanded.

2. Entitlement to service connection for dermatitis (also claimed as skin cancer) is remanded.

3. Entitlement to service connection for lumbar strain is remanded.

The Veteran seeks entitlement to service connection for cancer of the ears; service connection for dermatitis (also claimed as skin cancer); and service connection for lumbar strain. The Veteran contends that he has skin cancer that is related to his military service. Specifically, he contends that the onset of his skin cancer began on his ear in 1950, during basic training, subsequently spread to his face, neck and shoulders and he has received ongoing treatment for his skin cancer since basic training. As to the lumbar strain, the Veteran contends that he injured his lower back in 1953 when he was trying to support a huge cast iron radiator and he continues to have low back pain as a result. 

The Veteran’s post-service medical treatment records show complaints of symptoms and diagnoses related to skin cancer as well as dermatology visits and treatment for skin cancer. As to the lumbar strain, the Veteran’s medical treatment records also show complaints of and physical therapy treatment for low back pain. Thus, current disabilities are established. 

As for an in-service injury, the Veteran’s service treatment records (STRs) for the period of August 1950 to July 1955 cannot be located, and so evidence of any asserted in-service treatment is not associated with the claims file. The claims file contains documentation of written efforts the Regional Office (RO) made to attempt to obtain these records. A May 2018 PIES response notes that the Veteran’s Air Force Group, Squad and Wing was needed for sick/morning reports at Shepherd Air Force Base and Wies Air Force Base Hospital; no response with that information appears in the file. On remand, an attempt to obtain this information should occur and, if possible, a new PIES request with this information should be submitted.

In cases where the Veteran’s STRs are unavailable through no fault of the Veteran, there is a heightened obligation to explain findings and to carefully consider the benefit of the doubt rule. O’Hare v. Derwinski, 1 Vet. App. 365 (1991). There is also a heightened obligation to assist the claimant in the development of his case. Id. The case law does not, however, lower the legal standard for proving a claim for service connection but rather increases the Board’s obligation to evaluate and discuss in its decision all the evidence that may be favorable to the claimant. Russo v. Brown, 9 Vet. App. 46 (1996). Because of the missing records, the Board analyzes this claim with this heightened duty in mind.

There are current disabilities, lay evidence from the Veteran of in-service injuries, and an indication of a nexus. However, to date, the Veteran has not been afforded a VA examination to determine if his ear cancer, skin cancer or lumbar strain are related to service. McLendon v. Nicholson, 20 Vet. App. 79 (2006); 38 U.S.C. § 5103A (d)(2), 38 C.F.R. § 3.159 (c)(4)(i). A remand is necessary to provide the Veteran with a VA examination and an opinion discussing the etiology of the Veteran’s disabilities. 

The matters are REMANDED for the following action:

1. With any necessary assistance from the Veteran, the RO again should contact the appropriate service department and/or records custodian(s) with a request for copies of the Veteran’s complete STRs (see the May 2018 PIES response for the information needed). All reasonable attempts made to obtain such records should be documented in the claims folder and, if unsuccessful, required notice should be provided to the Veteran. 

2. The RO should obtain copies of all outstanding records from the VA Medical Center and its associated clinics where the Veteran receives treatment. All attempts to obtain records should be documented in the claims folder. If any pertinent private treatment has been rendered, the Veteran’s assistance in obtaining these records should be requested as needed. All attempts to obtain records should be documented in the claims folder. 

3. Schedule the Veteran for a VA examination with an examiner of appropriate expertise to ascertain the current nature and etiology of the Veteran’s currently diagnosed ear and skin cancer and lumbar strain disabilities. All necessary tests should be conducted. The claims file should be made available to and be reviewed by the examiner in conjunction with the examination. The examiner should address the following:

(a.) Whether it is at least as likely as not (50 percent or greater likelihood) that any currently diagnosed ear cancer, skin cancer or lumbar strain disability had its onset in service or is otherwise related to active service;

(b.) The examiner should provide a detailed rationale for the opinion, including a discussion of the evidence of record and medical principles which led to the conclusions reached. If an opinion cannot be provided without resort to speculation, the examiner should explain why it is not possible to provide an opinion; 

(c.) It should be noted that the Veteran is competent to attest to factual matters of which he had first-hand knowledge, including observable symptomatology.

(Continued on the next page)

 

4. After the development requested has been completed, the RO shoulder review the expanded record to ensure complete compliance with the directives of this REMAND. If any report is deficient in any manner, implement corrective procedures at once.

 

EMILY TAMLYN

Acting Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. Frazier, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.