﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/27/19

DOCKET NO. 190702-10720
DATE: August 27, 2019

ORDER

Entitlement to service connection for a right ankle disability is GRANTED.

FINDING OF FACT

The evidence as to whether the Veteran’s right ankle disability is etiologically related to service in the United States Army is at least in relative equipoise. 

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for an award of service connection for a right ankle disability have been met. 38 U.S.C. §§ 1101, 1131, 1133, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Army from May 1958 to August 1958.

The Board notes that the rating decision on appeal was issued in November 2015. Following the issuance of a statement of the case (SOC) in June 2019, the Veteran elected the modernized review system. See 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). In a July 2019 VA Form 10182, the Veteran requested direct Board review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

1. Entitlement to service connection for a right ankle disability is granted.

In May 2015, the Veteran submitted a VA Form 21-526EZ. Thereby, the Veteran initiated his entitlement claim for service connection for a right ankle disability. 

Generally, direct service connection will be granted if the evidence demonstrates that a current disability resulted from a disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a). To grant the Veteran’s appeal, the Board must identify three requisite claim elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303 (a). The VA is responsible for determining whether the evidence supports the claim or is in relative equipoise (with the Veteran prevailing in either event) or whether a preponderance of the evidence is against the claim (in which case the claim is denied). Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107 (b).

In May 2015, VA received correspondence from the Veteran’s private physician. Therein, the physician reported the following history: “the Veteran reports that he was going through basic training and was on the back of a truck with a great number of other soldiers. They were all slick and muddy. The truck came to a sudden stop and the momentum threw him off of the truck onto the ground. His right leg twisted underneath him, and he landed on his right ankle and twisted it and he had chronic pain in the ankle since that time.” The physician reported that, “on physical examination he does have limitation of motion of the ankle on the right side that is different than the left suggesting an old injury (a bad sprain).” The physician reported that, “examination of the foot does reveal significant degenerative arthritis bilaterally and he does have restricted range of motion of the right ankle versus the left. He cannot laterally deviate or medially deviate as far on the right and cannot flex or extend as far on the right . . ..” 

In September 2015, the National Personnel Records Center (NPRC) supplied the Veteran’s military personal record (MPR). At that time, the NPRC reported that, “record is fire-related . . .. The only available personnel documents from the Veteran’s reconstructed record have been sent to the contracted scan vendor for upload into VBMS. No STRS or dental records were recovered from the fire.”

In September 2015, the AOJ informed the Veteran that, “there was a fire at the National Archives and Records Administration on July 12, 1973. If your military records were stored there on that date, they may have been destroyed in the fire. The enclosed NA Form 13055 should be completed in detail and returned in order that we may request a thorough search be made for military medical records in support of your claim.” 

In November 2015, the AOJ denied the Veteran’s entitlement claim for service connection for a right ankle disability. At that time, the AOJ concluded that, “the evidence does not show an event, disease or injury in service. Your service treatment records do not contain complaints, treatment, or diagnosis for this condition.” The question for the Board, therefore, is whether the evidence supports an in-service incurrence of any currently endured right ankle disability.

The Board concludes that there is sufficient evidence to support the Veteran’s in-service incurrence of a right ankle injury. 

The Board notes that when “service medical records are presumed destroyed . . . the BVA’s (Board’s) obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt is heightened.” O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). 

The Board finds that the May 2015 correspondence from the Veteran’s physician satisfies all three elements for the Veteran’s entitlement claim for service connection for a right ankle disability. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303 (a). The physician identified a current right ankle disability. The Veteran competently and credibly reported an in-service injury (with chronic, on-going pain after service), and the physician confirmed that the Veteran’s current disability was demonstrative of an old injury/ bad sprain. 

Ultimately, the Board concludes that the evidence is in at least equipoise, regarding whether that the Veteran’s current right-ankle disorder began during his active service in the United States Army. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Consequently, the appeal is granted.

In making this favorable determination for the Veteran, the Board has considered that evidence is rarely neat and tidy. Therefore, it is expected that the Board will at times have to construct a complete narrative by filling in gaps with inferences and common sense. There is no requirement that all factual questions be resolved by reliance on direct, rather than circumstantial, evidence. The fact finding of the Board in this case is entitled to deference and is not clearly erroneous. To the extent that the Board made inferences and considered circumstantial evidence in its analysis of the evidence, this type of reasoning is well within the discretion of a fact finder. Although another fact finder may have declined to make the same inference, that does not mean that the Board in the present case is clearly erroneous. Bastien v. Shinseki, 599 F.3d 1301, 1306 (Fed. Cir. 2010) (“The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact finder.”).

It is the defined and consistently applied policy of VA to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any 

 

other point, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 3.102.

 

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board RLBJ, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.