﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200320-74670
DATE: May 29, 2020

ORDER

Service connection for hypertension, to include as secondary to service-connected posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

The Veteran’s hypertension did not onset in service or within one year of service separation and was not caused or aggravated by service or his service-connected PTSD.

CONCLUSION OF LAW

The criteria for service connection for hypertension, to include as secondary to service-connected PTSD, have not been met. 38 U.S.C. §§ 1131, 5103A, 5107; 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

In March 2020, after receipt of a January 2020 statement of the case, the Veteran elected Direct Review to the Board of Veterans Appeals under the modernized review system. 38 C.F.R. § 19.2(d).

1. Entitlement to service connection for hypertension, to include as secondary to service-connected posttraumatic stress disorder (PTSD)

The Veteran has contended that he has hypertension as a result of his service-connected PTSD.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Service connection may also be granted on a presumptive basis for certain chronic diseases, including cardiovascular-renal disease, if shown to be manifest to a degree of 10 percent or more within one year following a veteran’s separation from active service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. It is noted that in 38 C.F.R. § 3.309, the term cardiovascular-renal disease applies to combination involvement of the type of arteriosclerosis, nephritis, and organic heart disease, and that since hypertension is an early symptom long preceding the development of those diseases in their more obvious forms, a disabling hypertension within the one-year period following separation will be given the same benefit of service connection as any of the other chronic diseases listed in that Section. 

Service connection may also be granted for a disability that is proximately due to, or aggravated by, service-connected disease or injury. 38 C.F.R. § 3.310.

The record reflects that the Veteran had active service from May 1951 to February 1953. He is currently service connected for PTSD.

At his March 2018 Department of Veterans Affairs (VA) hypertension examination, the Veteran reported a history of raised blood pressure noted at routine examinations for the past 20 years. At his January 2020 VA examination, the Veteran reported the condition onset in 1951; however, the VA examiner stated that such was inconsistent with the records, which indicated an onset in 2005.

The Board has reviewed the Veteran’s medical treatment records and finds the earliest note of hypertension is an August 2005 VA treatment record indicating a history of hypertension, although VA treatment records from back to 2000 do not otherwise note a diagnosis of or treatment for hypertension.

The Veteran’s February 1953 separation examination does not indicate a diagnosis of hypertension, and his blood pressure is recorded as 130/80. 

The Board notes that the record reflects that the remainder of the Veteran’s service treatment records have been destroyed. In cases where the Veteran’s service treatment records are, through no fault of his own, unavailable, a heightened duty exists to assist the Veteran in the development of the case. See O’Hare v. Derwinski, 1 Vet. App. 365 (1991); Layno v. Brown, 6 Vet. App. 465, 469 (1994) (where the Veteran’s service treatment records have been destroyed or lost, there is a duty to advise the Veteran to obtain other forms of evidence). The Veteran was informed of the unavailability of his service treatment records by letter dated in May 2011 and was asked to submit any records he may have in his possession or information as to their location.

The Board finds that a preponderance of the evidence is against finding that the Veteran’s hypertension onset in service or within a year of service discharge. While some of the service records are unavailable, it is notable that the separation examination reflected blood pressure of 130/80 and did not list any defect or diagnosis. Additionally, treatment records in 2000 do not reflect a diagnosis or treatment for hypertension. 

There is further no evidence to support, and the Veteran has not contended, that his hypertension is directly related to his service.

Therefore, the remaining question for the Board is whether the Veteran has a current disability that is proximately due to or the result of or was aggravated beyond its natural progress by service-connected disability, specifically his service-connected PTSD.

In a January 2018 letter, the Veteran’s treating physician listed the Veteran’s diagnosed medical conditions, including essential high blood pressure. The doctor stated generally that the Veteran’s “health related problems are being adversely affected bs his severe PTSD.”

In March 2018 the Veteran was afforded a VA examination and an opinion obtained as to the etiology of his hypertension. The examiner opined that it is less likely than not that the Veteran’s chronically high blood pressure is proximately due to or the result of the Veteran’s PTSD. The examiner stated that the etiology of essential hypertension is diverse, and further explained that “[t]he anxiety associated with PTSD could raise systolic blood pressure during episodes of hypervigilance or anxiety but persistently raised systolic blood pressure with diastolic component is unlikely due to anxiety attacks or PTSD.”

Subsequent to the VA examination, the Veteran submitted medical articles discussing the relationship between PTSD and heart disease. One article noted that a “number of studies have suggested that PTSD has a direct relationship with the risk of developing hypertension.”

A second VA examiner reviewed that evidence, and in January 2020, opined that the Veteran’s hypertension is less likely than not related to the Veteran’s PTSD. The examiner explained that hypertension is a multifactorial illness and well-known risk and exacerbating factors that the Veteran has include advanced age, genetics, family history, a history of excessive and chronic alcohol use, a history of excessive and chronic tobacco use, prior obesity, hyperlipidemia, and type 2 diabetes mellitus causing chronic kidney disease. The examiner opined that it is more likely than not that the Veteran’s hypertension is due to his multiple risk factors. The examiner further opined that if PTSD was the cause of the Veteran’s hypertension, his hypertension would have presented many years earlier, rather than more than 50 years after service.

The Board acknowledges the Veteran’s own opinion, the January 2018 opinion of his doctor, and the medical articles he submitted but finds that the most probative opinion evidence here is that of the VA examiners. The Board notes that the issue is medically complex and requires knowledge of interaction between multiple organ systems in the body and is therefore outside the competence of the Veteran to offer an opinion on as the record does not show that he has the skills or medical training to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). The January 2018 opinion of the Veteran’s doctor further is of little probative value as the doctor did not specifically discuss the Veteran’s hypertension or offer any rationale for his opinion. Finally, although the medical articles submitted by the Veteran are relevant, they do not contemplate the specific circumstances and medical history of this Veteran; therefore, their probative value is limited to determining etiology in this specific case.

Both the March 2018 VA examiner, and the January 2020 VA examiner, who considered the articles submitted by the Veteran, opined that the Veteran’s hypertension is not at least as likely as not related to the Veteran’s service-connected PTSD. The opinions are probative, because they are based on an accurate medical history and provide an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board concludes that, while the Veteran has a current disability, the preponderance of the evidence is against finding that the Veteran’s hypertension is proximately due to or the result of or aggravated beyond its natural progression by service-connected disability. 38 U.S.C. §§ 1110, 1131; Allen v. Brown, 7 Vet. App. 439 (1995) (en banc); 38 C.F.R. § 3.310(a). 

(Continued on the next page)

 

Based on the forgoing, the Board finds that a preponderance of the evidence is against service connection for hypertension and the claim must be denied.

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Christensen

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.