﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200211-66424
DATE: June 16, 2020

REMANDED

The claim of entitlement to service connection for a pulmonary condition, including as a result of in-service asbestos exposure, is remanded.

REASONS FOR REMAND

The Veteran had honorable active duty service with the United States Army from December 1955 to December 1958, and with the United States Navy from June 1959 to May 1963. He also had subsequent periods of Naval Reserve service.

This matter comes before the Board of Veterans’ Appeals (Board) from a February 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). February 2020 the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal) and requested a Evidence Submission review by the Board.

For appeals decided under the AMA Evidence Submission docket, such as this one, the Board is permitted to review only the evidence: (a) of record at the time of the AOJ decision on the issues on appeal; (b) submitted with the VA Form 10182; or (c) submitted within 90 days following VA’s receipt of the VA Form 10182. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)).

This appeal has been advanced on the Board’s docket pursuant to 38 U.S.C. § 7107(a)(2) (2012) and 38 C.F.R. § 20.900(c) (2019).

The Board notes that most of the Veteran’s service medical and personnel records are believed to have been destroyed in a fire at the National Personnel Records Center (NPRC) in 1973 and have not been located. VA has a heightened duty to assist in these cases. O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991).

Although further delay is regrettable, the issue of entitlement to service connection for a pulmonary condition must be remanded to correct duty to assist errors that occurred prior to the February 2019 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) failed to adequately investigate the Veteran’s claimed in-service exposure to asbestos. Further, the AOJ failed to obtain a VA examination prior to the February 2019 rating decision regarding whether the Veteran’s pulmonary condition was caused or aggravated by the Veteran’s service, to include as a result of his claimed exposure to asbestos. Based on the evidence associated with the claims file prior to the February 2019 rating decision, the Board finds that further effort is required to verify the Veteran’s claimed asbestos exposure, and that a VA examination is required to determine whether the Veteran’s pulmonary condition is etiologically related to his service.

1. The claim of entitlement to service connection for a pulmonary condition, including as a result of in-service asbestos exposure, is remanded.

The Veteran asserts that his pulmonary condition was caused by his active duty service. Specifically, he contends he was exposed to asbestos in the boiler room aboard the U.S.S. Marias (AO-57).

While the Board makes no findings of fact related to the ultimate probative value of any of the evidence of record, for the purpose of identifying pre-decisional duty to assist errors, the Board notes that the Veteran’s DD 214 regarding his Naval service reflects that he served on the U.S.S. Marias (AO-57). Additionally, private medical treatment records include reference to “contact with and (suspected) exposure to asbestos.” See December 2018 and December 2019 private treatment records. 

The evidence of record also includes a lay statement from the Veteran’s spouse, who has the initials M.T., indicating that the Veteran reported to her on multiple occasions that he would “come out of the boiler room completely covered in white dust which was asbestos” and that the Veteran “said there were many times he would come out for air and be coughing from the exposure.”

The Agency of Original Jurisdiction identified the following Favorable Finding related to the Veteran’s claim: The Veteran has “been diagnosed with a disability. Medical records from Health Village Imaging dated December 20, 2018, showed emphysematous appearing lungs.” See February 2019 and June 2019 rating decisions.

In view of the state of the record and the Veteran’s assertions, an attempt must be made to verify the Veteran’s claimed exposures to asbestos through the U.S. Joint Services Records and Research Center (JSRRC), or through any other appropriate resources. Additionally, the Veteran should be provided a VA examination regarding his claimed condition after his claimed exposure to asbestos has been explored. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); 38 C.F.R. § 3.159 (2019).

In sum, the Board finds that the RO’s failure to investigate the Veteran’s claimed exposure to asbestos and failure to provide a medical examination constituted pre-decisional duty to assist errors and that, as such, remand is necessary.

The matter is REMANDED for the following action:

1. This case has been advanced on the docket.

2. Request that JSRRC, or any other official source, investigate and attempt to verify the Veteran’s reports of exposure to asbestos aboard Navy ships, including aboard the U.S.S. Marias from June 1959 to May 1963. If more detailed information is needed for this research, the Veteran should be given an opportunity to provide it.

3. Schedule the Veteran for an VA examination by an appropriate clinician to obtain an etiology opinion for the Veteran’s pulmonary condition. The entire claims file should be made available to the examiner in conjunction with this request, along with all private medical treatment records and imaging studies. All testing deemed necessary to assess and rate respiratory disorders under the criteria of the rating schedule must be conducted and the results reported in detail.

If VA and the Veteran agree that an in-person examination is not appropriate at this time, VA must still obtain a thorough medical opinion regarding the Veteran’s claim as outlined below.

4. The clinician should specifically address the following issue:

(a.) Provide an opinion as to whether it is at least as likely as not (a 50 percent probability or more) that the Veteran’s claimed disability began in service, was caused by service, or is otherwise related to active military service, to include as due to in-service asbestos exposure.

A complete rationale must be provided for any opinion offered. If the requested opinions cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the examiner does not have the needed knowledge or training to provide the opinion.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Hart, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.