﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200904-110312
DATE: March 31, 2021

REMANDED

Service connection for left foot degenerative joint condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from May 1954 to May 1957. 

The rating decision on appeal was issued in June 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the September 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the September 2020 agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The Board acknowledges that the Veteran submitted, in September 2020, a Supplemental Claim in which the AOJ issued a decision denying the claim; however, that decision is not before the Board.

The Board notes that evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claims of left foot degenerative joint condition for further development, this additional evidence will be considered by the AOJ in the adjudication of the claim.

Generally, to establish service connection on a direct basis, a Veteran must show a current disability; an in-service incurrence of a disease or injury; and a causal relationship between the present disability and the disease or injury incurred during service, the so-called “nexus” requirement. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Here, in the June 2020 rating decision on appeal, the AOJ made a favorable finding that the Veteran has been diagnosed with a disability and that the December 2016 private treatment records from Dr. T.A. show the Veteran was diagnosed as having “moderate to severe first MTM joint degenerative changes of the left foot.” 

Pursuant to 38 C.F.R. § 3.104(c), “any finding favorable to the claimant made by either a VA adjudicator, as described in § 3.103(f)(4), is binding on all subsequent AOJ and Board of Veterans’ Appeals (Board) adjudicators, unless rebutted by evidence that identifies a clear and unmistakable error in the favorable finding. For purposes of this section, a finding means a conclusion either on a question of fact or on an application of law to facts made by an adjudicator concerning the issue(s) under review.” Thus, the Veteran meets the first element.

It is undisputed that the Veteran’s personnel records and service treatment records were destroyed in a 1973 fire. The Board notes that, when a record is destroyed through no fault of the Veteran, VA has a heightened obligation to explain its findings and conclusions if denying a claim, rather than summarily disregarding the Veteran’s position. O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). In the November 2019 claim for service connection, the Veteran stated that he injured his left foot when he was “jumping off trucks” while in-service. In a January 2020 lay statement, the Veteran states that while on field training exercises, he injured his left foot as a result of jumping off the back end of the military truck that he was in. He states that medics treated his injury with ace bandages and some pain pills. He also states that pain continued, but over several weeks it became intolerable. In a September 2020 lay statement, the Veteran stated that he sustained a foot injury as a result of jumping off the back of a military truck during field exercises. He also states that he saw medics at the time of injury. The Veteran’s lay statements provided sufficient information to warrant further development. 

VA is required to address every legal theory raised by the evidence of record relevant to a Veteran’s position. Further, the Veterans Claims Assistance Act of 2000 and implementing regulations impose obligations on VA to provide claimants with notice and assistance. See 38 U.S.C. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The latter requires that VA would provide a Veteran with a medical examination or obtain a medical opinion when such an opinion is necessary to decide the claim. See 38 C.F.R. § 3.159 (c)(4); McLendon v. Nicholson, 20 Vet. App. 79 (2006) (VA must provide a medical examination when there is, inter alia, an indication that the disability “may be” associated with the veteran’s service).

In April 2020, the AOJ requested the Veteran be afforded a VA examination for his left foot degenerative joint condition. However, the evidence of record shows no such examination was performed. The failure to afford the Veteran a VA examination constitutes a pre-duty to assist error. To correct the pre-duty to assist error, this matter must be remanded to afford the Veteran a VA examination of his left foot condition.

While the Board regrets the delay, a remand is required before the Veteran’s claim can be adjudicated.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an in person examination by an appropriate VA examiner to determine the nature and etiology of his left foot degenerative joint condition.

2. Provide the examiner the claims file, to include this Remand order. The examination report should reflect that such review was accomplished. 

3. The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be considered in formulating the requested opinions. 

4. Based on review of the record and examination of the Veteran, and after eliciting a detailed history from the Veteran, the examiner is requested to:

a. Identify any and all current left foot conditions;

b. For each left foot diagnosis, opine if it is at least as likely as not (probability of 50 percent or more) that the Veteran’s left foot condition is caused by or is otherwise attributable to service.

5. The examiner must provide detailed rationale for all proffered opinions. All appropriate studies and consultations should be accomplished, and all clinical findings should be reported in detail. If an opinion as to any aspect of the aforesaid inquiries cannot be provided without resorting to speculation, the examiner is requested to provide an explanation as to why this is so and to clarify what additional development, if any, would permit the requested opinion to be rendered.

6. After completing the foregoing and any other development necessary, readjudicate the Veteran’s claims.

7. Notify the Veteran that, in the event the Veteran’s claims are not granted in full, his claims would not be automatically returned to the Board, and the Veteran’s appropriate action would be required if he desires further Board review. See 38 C.F.R. § 3.2502 (under the AMA framework, “upon... remand [of a claim] by the Board... , the [AOJ] retains jurisdiction of the claim”).

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.