﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190812-19276
DATE: August 29, 2019

ORDER

Entitlement to service connection for a back disability is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran’s back disability began during active service or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for a back disability are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from May 1946 to April 1947.

 

Entitlement to service connection for a back disability

The Veteran contends that his current back disability was incurred or causally related to his military service.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a current diagnosis of thoracolumbar spine spondylosis and degenerative disc disease, the preponderance of the evidence weighs against finding that the Veteran’s back disability began during service or is otherwise related to an in-service injury, event, or disease. 

The Veteran’s complete service treatment records (STRs), are not available and are presumed to have been destroyed in a fire at the National Personnel Records Center (NPRC) in 1973. As such, VA has a heightened obligation to assist the Veteran in the development of his case, and to explain findings and conclusions, as well as carefully consider the benefit of the doubt rule when records in the possession of the government are lost or destroyed. See O’Hare v. Derwinski, 1 Vet. App. 365 (1991). 

The Veteran’s DD-214 is available and shows that he served honorably in the US Army Air Force as an equipment decontamination operator. Additionally, some of the Veteran’s military personnel records and STRs were reconstructed from other official resources and associated with the claims file. The report of an April 1947 discharge physical examination noted no musculoskeletal defects. 

The earliest treatment records in the file show the Veteran sought treatment for back pain in July 2000. The Veteran submitted statements from friends and family stating they could remember the Veteran complaining of back pain and seeking treatment from a chiropractor; specifically during the 1960’s and 1970’s.

The record contains conflicting medical opinions regarding whether the Veteran’s back disability is related to service. 

Evidence in support of the claim includes April and August 2017 opinions from private practitioner Dr. H.N. In April 2017, Dr. H.N. said the Veteran’s chronic back pain and condition is more than likely service connected, but did not provide any rationale. In the August 2017 opinion, Dr. H.N. said the Veteran was diagnosed with lumbar disc degeneration, lumbar spinal stenosis and lumbar spondylosis; that he was the Veteran’s treating provider and he had reviewed the Veteran’s medical history, treatment plans, specialty notes and radiographic studies. Dr. H.N. stated that it his medical opinion that it is more likely than not likely that the Veteran’s back conditions occurred as a result of his military service, as he described he was a paratrooper.

The July 2019 VA examiner opined that the Veteran’s current diagnosis of thoracolumbar spine spondylosis and degenerative disc disease is less likely than not related to an in-service injury, event, or disease, including the Veteran’s report of parachute jumping while in service. The rationale was that the Veteran is of advanced age, which the examiner stated, alone provided the explanation for the severity of his back problems. The examiner further stated that, despite the reported history of his MOS as a paratrooper, the current findings and review of his historical medical records for his back problems provides no specific convincing medical evidence indicating the back problems are likely due to a parachute landing injury. The examiner added, that the current back problems shows a picture of advanced degenerative disc disease of the thoracolumbar spine appropriate for the Veteran’s age, and from wear and tear from everyday activity. 

The Board finds the July 2019 VA opinion is probative because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board finds the August 2017 private opinion less probative. There is no indication that Dr. H.N. reviewed pertinent evidence in the claims file. Rather, the opinion appears to be based on the Veteran’s self-report that he was a paratrooper or even assigned to an airborne unit. The Veteran’s self-report of being a paratrooper is inconsistent with the Veteran’s military personnel records, which specifically document that he worked as an equipment decontamination operator. There is no indication in the record that the Veteran attended any parachute training or was a paratrooper. There is documentation that the Veteran had equipment boom training. His personnel records also show that he performed various non-specialized jobs such as an airplane handler, cook’s helper, messenger, orderly, warehouseman, base maintenance man or other duties required by the organization to which he was assigned. The comparable related occupation for a civilian employment was as a laborer Id.; Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993).

Consequently, the Board gives more probative weight to the July 2019 VA examiner’s opinion.

While the Veteran the Veteran, his family and friends believe his current back disability is related to an in-service injury, event, or disease, they, in this case, are not competent to provide a nexus opinion regarding this issue. The issue is medically complex, as it requires knowledge of anatomical relationships, pathology and interpretation of complicated diagnostic medical testing. Therefore, it is outside the competence of the Veteran, his family and friends in this case because the record does not show that they have the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). 

Consequently, the Board gives more probative weight to the Veteran’s military personnel records that he was not a paratrooper or even trained to parachute jump, and the July 2019 VA opinion that the Veteran’s current back diagnosis of thoracolumbar spine spondylosis and degenerative disc disease is more likely from advanced degenerative disc disease of the thoracolumbar spine that is appropriate for the Veteran’s age, and from wear and tear from everyday activity

In summary, the preponderance of the evidence is against the claim and service connection, service connection is denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

M.E. Larkin

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. G. Perkins, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.