Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200518-85128
DATE: September 29, 2021

ORDER

Entitlement to service connection for a lumbar disability is denied.

FINDING OF FACT

The preponderance of evidence is against finding that the Veteran's lumbar disability began during active service or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for a lumbar disability are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 2003 to February 2004.

In January 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested readjudication of entitlement to service connection for a lumbar spine disability most recently addressed in a May 2018 Board decision. 

In March 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. As the AOJ has already determined that new and relevant evidence has been submitted, the Board need not address that issue here. 38 C.F.R. § 20.801(a). In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the March 2020 AOJ decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of entitlement to service connection for a lumbar disability, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Veterans Claims Assistance Act of 2000 (VCAA)

The Veteran has not been afforded a VA examination to determine the etiology of his lumbar disability. Under McLendon v. Nicholson, 20 Vet. App. 79 (2006), in initial service connection claims, the VA must provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in service; (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service; and (4) insufficient competent medical evidence on file for VA to make a decision on the claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). 

With respect to the third factor, the types of evidence that "indicate" that a current disorder "may be associated" with service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation. McLendon, 20 Vet. App. 79.

Here, the Veteran's service treatment records are unavailable, and the Veteran has not submitted any lay evidence regarding an incident in service. Additionally, there is no indication of a link between the Veteran's current diagnosis and his service aside from his unsupported statements. Indeed, the Veteran has not provided any argument related to his claim for a lumbar disability. The Board also notes that there is no credible evidence of continuity of symptomatology since the Veteran's time in service. As such, the Veteran's claim of entitlement to service connection for a lumbar disability does not meet the low threshold requirements of McLendon, and a VA examination is not necessary. 38 C.F.R. § 3.159(c)(4); see Waters v. Shinseki, 601 F.3d 1274, 127879 (Fed. Cir. 2010).

Service Connection

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection requires (1) evidence of a presently existing disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154(a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 133637 (Fed. Cir. 2006).

Entitlement to service connection for a lumbar disability

The Board notes that the March 2020 rating decision identified a Favorable Finding that October 2019 VA treatment records show a diagnosis for back pain. As such, a current disability has been shown.

Concerning an in-service injury, in August 2014 VA sent the Veteran a letter indicating that his service treatment records could not be located and were unavailable for review. VA noted that all efforts to obtain the service treatment records have been exhausted and further attempts to obtain such records would be unsuccessful. In instances where a Veteran's s service treatment records are unavailable, the Board is under a heightened obligation to explain its findings and to carefully consider whether the evidence is in equipoise, and if so, to resolve the matter in the claimant's favor. See O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). However, the Veteran has not provided any lay or medical evidence regarding in-service incurrence or aggravation. As such, there is simply no evidence of an in-service injury or disease to which the claimed low back disability may be attributed.

To the extent the Veteran argues that his lumbar disability related to service generally, he is not competent to provide a nexus opinion regarding the issue. Although the Veteran is competent to report symptoms of low back pain, he is not competent to report on the etiology of such. The issue is medically complex, as it requires knowledge of complicated diagnostic medical testing and pathology and the Veteran lacks the skills and experience to relate his lumbar disability to his service. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). 

As noted, the Board finds that the Veteran's lay statements are not competent to establish that his lumbar disability related to his service. Aside from these statements, the evidence of record does not contain any competent evidence suggesting a link between his current disability and his active duty.

Accordingly, the Board finds that service connection for a lumbar disability has not been established and the claim must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claims, that doctrine is not applicable. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

 

CHRISTOPHER A. WENDELL

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Morrad, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.